**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LAUREN WALSH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:25-cv-1369** |
| | § | |
| **AMAZON.COM, INC.** | § | |
| | § | |
| *Defendant,* | § | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **LAUREN WALSH** ("Plaintiff"), by and through her attorneys, **JOHNSON BECKER, PLLC** and **CLARK VON PLONSKI ANDERSON**, hereby submit the following Complaint and Demand for Jury Trial against Defendant, **AMAZON.COM, INC.,** ("Amazon" or "Defendant") and alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1.      Plaintiff seeks recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an Instant Pot Duo Evo, (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Amazon and designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands, LLC f/k/a Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et al.*, 4:2023-bk-90716 [Dkt. 1].

1

2.      Amazon markets, imports, distributes, and sells a wide-range of consumer products, including the subject pressure cooker that is at issue in this case.

3.      Said pressure cookers are advertised as convenient and safe and are touted for their supposed "safety" features, which claim to prevent the units from being opened while in use. Despite these claims of "safety," Defendants marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4.      Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5.      On or about September 17, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's supposed safety features, which purport to keep the consumer safe while using the pressure cooker.

6.      Defendant knew or should have known of these defects but have nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said

consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

7.      As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF LAUREN WALSH

8.      Plaintiff is a resident and citizen of the city of Sunset Valley, County of Travis, State of Texas.

9.      On or about January 16, 2020, Plaintiff's purchased the subject pressure cooker from Amazon.com for Plaintiff as a gift.

10.      On or about September 17, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety feature[s]," [1] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of the failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT AMAZON.COM, INC.

11.      Defendant Amazon markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

---

[1] *Id.* at pg. 5.

12.     Defendant Amazon is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

13.     At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

14.     Additionally, Amazon assumes the liability as manufacturing Defendant pursuant to Tex. Civ. Prac. & Rem. Code § 82.003, *et. seq*. in that Amazon (1) participated in the design of the product; (2) exercised substantial control over the content of a warning or instruction that accompanied the product; and/or (3) that the manufacturer of the product is insolvent and/or not subject to the jurisdiction of the Court.  See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that Plaintiff is a resident of this district and is deemed a citizen of this district for purposes of diversity pursuant to 28 U.S.C. § 1332.

17.     Venue is also proper in this Court pursuant to 28 U.S.C. § 3191 because Amazon has sufficient minimum contacts with the State of Texas and has intentionally availed itself of the

markets within the State of Texas through the promotion, sale, marketing, and distribution of its products.

## FACTUAL ALLEGATIONS

19.    The subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, LLC.

20.    On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed. See I*n re: Instant Brands Acquisition Holdings, Inc., et al.*, 4:2023-bk-90716 [Dkt. 1].

21.    The pressure cookers marketed, imported, distributed, and sold by Defendant purport to be designed with "safety mechanisms" which promise to "eliminate many common errors which may cause harm or spoil food."

22.    By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

23.    Plaintiff used her pressure cooker for its intended purpose of preparing meals for himself and/or his family and did so in a manner that was reasonable and foreseeable by the Defendant.

24.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured, and ultimately sold and distributed by the Defendant in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

25.     The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

26.     Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

27.     Defendant knew or should have known that the pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.

28.     As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, and its failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

29.     Consequently, Plaintiff in this case seeks damages resulting from the use of the subject pressure cooker as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**CLAIMS FOR RELIEF**

**COUNT I**
**STRICT LIABILITY**

30.     At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31.     Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendants.

32.     Plaintiff and her family did not misuse or materially alter the pressure cooker.

33.     The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

6

34.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

    a.  The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b.  The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c.  Defendant failed to properly market, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d.  Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

    e.  Defendant failed to adequately test the pressure cookers; and

    f.  Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

35.     Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest and all such other relief as the Court deems proper.

**COUNT II**

**<u>NEGLIGENCE</u>**

36.     Defendant is the marketer, importer, distributor, and seller of the subject pressure cooker.

37.     Defendant had a duty of reasonable care to design, manufacture, market, import, distribute, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

38.     Defendant failed to exercise ordinary care in the design, manufacture, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of the

pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

39.    Defendant was negligent in the advertising, warning, import, distribution, marketing and sale of its pressure cookers in that, among other things, it:

    a.  Failed to use due care in designing, manufacturing, importing, distributing, marketing, and selling the pressure cookers to avoid the aforementioned risks to individuals;

    b.  Placed an unsafe product into the stream of commerce; and

    c.  Were otherwise careless or negligent.

40.    As a result of said negligence, the subject pressure cookers, including Plaintiff's pressure cooker, contain defects which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendants.

41.    Plaintiff in this case used his pressure cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

42.    The defects described herein which allow the pressure cooker's lid to open while the unit is still pressurized directly rendered the pressure cookers defective, and where the direct and proximate result of Defendant's negligence and failure to use reasonable care in designing, manufacturing, importing, distributing, marketing, and selling the pressure cookers.

43.    As a direct and proximate result of Defendants' negligence as described above, the Plaintiff in this case suffered the injuries and damages described herein.

44.    Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest and all such other relief as the Court deems proper.

<u>**INJURIES & DAMAGES**</u>

45.    As a direct and proximate result of Defendants' collective strict liability, negligence and wrongful conduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

46.    As a direct and proximate result of Defendants' strict liability, negligence and wrongful conduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

47.    As a direct and proximate cause of Defendants' strict liability, negligence and wrongful conduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns he suffered from the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  judgment for Plaintiff and against Defendants;

b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

c.  pre and post judgment interest at the lawful rate;

d.  a trial by jury on all issues of the case; and

e.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is

applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

**CLARK │VON PLONSKI │ANDERSON**

Dated: August 27, 2025

_/s/ Collen Clark, Esq._
COLLEN A. CLARK
State Bar No. 04309100
R. CONNOR BARBE
State Bar No. 241085
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214-780-0500/214-780-0501 Fax
eservice@cvpalaw.com

_In association with:_

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN #0397289)
_Pro Hac Vice to be filed_
Anna R. Rick, Esq.
_Pro Hac Vice to be filed_
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (fax)
mjohnson@johnsonbecker.com
akress@johnsonbecker.com
arick@johnsonbecker.com

**_Attorneys for Plaintiff_**